# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**KEVIN DAVID ANDERSON,**<br>Defendant. | CASE NO. 17-cr-00595-YGR-1<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>Re: Dkt. No. 37 |

On February 27, 2019, defendant Kevin D. Anderson pled guilty to possession of fentanyl with intent to distribute in violation of 21 U.S.C. section 841(a)(1) and was sentenced to serve 18 months in prison. Defendant surrendered to the U.S. Bureau of Prisons ("BOP") on June 3, 2019. He has been serving his sentence at USP Lompoc and is due to be transferred to a halfway house on July 15, 2020. On May 18, 2020, defendant filed an emergency motion for reduction of sentence pursuant to 18 U.S.C. section 3582(c)(1). Therein, defendant seeks an order reducing his prison sentence to "time served" and directing that he serves the remainder of his term in home confinement in light of the COVID-19 public health crisis. The government opposes the motion.[1]

18 U.S.C. section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a section 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] In its opposition, the government argues that the Court lacks jurisdiction to order the requested relief because it does not have the statutory authority to determine the location where an inmate serves his sentence. This argument, which the government has asserted repeatedly in opposition to similar motions brought in the wake of COVID-19, does not apply here. Defendant brings this motion seeking a modification of his sentence pursuant to section 3582(c)(1), which expressly permits the Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions"—such as home confinement—"that does not exceed the unserved portion of the original term of imprisonment."

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction. *United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

With respect to the threshold requirement of exhaustion or a 30-day lapse in time, defendant's counsel sent a letter to the warden on April 29, 2020, requesting that the BOP either transfer defendant to home confinement or make a motion in this Court seeking modification of defendant's sentence. The warden received the request on April 30, 2020. Because the 30-day period for bringing a section 3582(c) motion lapsed on May 30, 2020, the Court has jurisdiction to act on defendant's motion.[2]

As to the merits, defendant argues that the impact of COVID-19 at USP Lompoc, combined with his depressive disorder, good behavior while in custody, and near completion of his 18-month sentence, constitute extraordinary and compelling reasons warranting the reduction of his sentence to time served. The government, for its part, does not dispute that defendant has completed nearly 80% of his sentence, has exhibited excellent behavior while incarcerated, and has shown the potential to successfully transition back to being a productive citizen upon release. These facts are all a credit to defendant. They are not, however, sufficiently "extraordinary and compelling" to warrant a finding that defendant need not serve the final months of his sentence.

---

[2] At the time of briefing, defendant asserted that he had not satisfied the exhaustion requirement, nor had 30 days lapsed from the time of his counsel's request to the warden, but that the Court should waive these requirements in light of the pandemic. Courts in this district consistently have held that exhaustion cannot be waived or deemed futile even under the present circumstances. *See, e.g., United States v. Kim*, No. 4:17-cr-00355-YGR, Dkt. No. 96 (N.D. Cal. May 1, 2020); *United States v. Reid*, No. 3:17-cr-00175-CRB, Dkt. No. 547 (N.D. Cal. Apr. 18, 2020). As explained, however, the motion has since become ripe for decision by the Court.

Rather, in considering the motion, the Court focuses on defendant's arguments regarding the effect of COVID-19 on defendant's circumstances.

This Court is mindful of the unprecedent nature of the COVID-19 pandemic and the serious health risks it presents, particularly within the jail and prison setting. Nonetheless, general concerns about potential exposure to COVID-19 do not demonstrate an extraordinary and compelling reason for a reduction in sentence. *See United States v. Eberhart*, No. 13-CR-00313 PJH, Dkt. 64, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Here, defendant provides ample evidence that the situation at USP Lompoc is deeply troubling. However, as even defendant admits, he is a relatively young, 30-year-old man with no known medical conditions that put him at a higher risk for contracting COVID-19 or becoming seriously ill if he does contract it. This Court cannot reduce defendant's sentence solely on the basis that he faces the same risks to his physical health as most other inmates at the same facility.

Defendant further asserts that he has been diagnosed with a depressive disorder that makes him psychologically vulnerable to the restrictions on movement and outside contact imposed by the BOP in response to the pandemic. While the Court does not doubt that the lockdown of USP Lompoc may be distressing for defendant, this argument too fails to persuade. The Sentencing Commission has enumerated several circumstances that constitute an "extraordinary and compelling reason" to reduce a defendant's sentence. U.S.S.G. § 1B1.13 cmt. n.1. One such reason is a qualifying medical condition, defined as a terminal illness or "a serious physical or medical condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. There is no evidence that defendant's disorder falls within the scope of this definition or even rises to the level of the enumerated conditions.[3] Moreover,

---

[3] The parties dispute whether defendant must fit within one of the categories enumerated in section 1B1.13 cmt. n.1(A)-(C) in order to be eligible for relief. The Court notes that the Sentencing Commission's policy statement has not been amended since the effective date of the First Step Act to refer to section 3852(c)(1)(A) motions filed by defendants, as opposed to the BOP. Further, there appears to be a split of authority in the district courts as to whether the policy

defendant has not proffered any evidence regarding the severity of his disorder or whether his condition can be managed for approximately six weeks until he is due to be transferred to a halfway house. Defendant thus falls short of showing an "extraordinary and compelling reason" for the Court to reduce his sentence.

For the reasons set forth above, defendant's motion for a reduction of sentence is **DENIED**.

This Order terminates Docket Number 37.

**IT IS SO ORDERED.**

Dated: June 1, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

statement applies to motions for compassionate release filed by defendants. *Compare United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i).") *with United States v. Shields*, 2019 WL 2359231 at *4 (N.D. Cal. June 4, 2019) (rejecting argument that the court may disregard section 1B1.13 because it has not yet been amended pursuant to the First Step Act), *reconsideration denied* (N.D. Cal. June 27, 2019). In the absence of controlling authority on the issue, and in light of the limited statutory exceptions to the general rule of finality of judgment, the Court finds it appropriate at least to consider the guidance of the Sentencing Commission limiting the scope of "extraordinary and compelling reasons" that warrant compassionate release pursuant to section 3582(c)(1).